ROBERT H. EDINGTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed April 25, 1921.

1.  Where testimony is introduced in support of a count that should have been stricken on motion to quash, and such testimony is not pertinent to a count that the court subsequently charges the jury to be the only one they could consider, reversible error may result if the impertinent testimony is harmful.

2.  Where several persons are present at an extra-judicial confession, if it is established by the testimony of one of the witnesses in the absence of the jury to the satisfaction of the court, that such confession was free and voluntary and not made under inducements offered or threats made to induce him to confess, and that he was duly warned that anything he might say would be used against him, it is not error to admit the testimony of the other witnesses to the same confession made at the same time and place as testified to by a former witness, without an examination out of the presence of the jury, in the absence of a request by the defendant for such examination.

3.  The practice of permitting objectionable and harmful testimony to go to the jury over the objection of the defendant, and subsequently at the end of the trial to instruct the jury to entirely disregard such testimony, is not to be commended, and may under certain circumstances be reversible error.

4.  Alleged errors relating to the weight of testimony, the cred-
    ibility of witnesses, and in the admission or rejection of tes-
    timony, which do not weaken the effect of the admitted
    testimony, and do not reach the legality of the trial itself,
    will not be considered ground for reversal where the evi-
    dence leaves no room for reasonable doubt of the defendant's
    guilt.

A Writ of Error to the Criminal Court of Record for
Dade County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*R. B. Schallern,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Worth W.
Trammell, Assistant,* for the State.

BROWNE, C. J.—Robert H. Edington was convicted in
the Criminal Court of Record of Dade County on an
information containing four counts.

The first count charged the breaking and entering a
building with intent to commit a felony; the second
charged entering without breaking; the third charged
larceny of $900.00, and the fourth charged unlawfully
receiving $900.00 knowing the same to have been stolen.

There was a motion to quash the information on the
grounds that the first and third counts "allege two
separate and distinct crimes, felonies, which may not be
joined together in the same information," and, "because
the 2nd and 4th counts may be found under the first
count of the information." The denial of this motion is
assigned as error. At the conclusion of the testimony
the court instructed the jury to disregard the 2nd, 3rd

and 4th counts. If there was any error in denying the motion to quash, it was cured by this subsequent instruction. The jury found the defendant guilty under the first count.

The plaintiff complains he was injured because the court permitted damaging testimony to be introduced against him under all the counts, and that the elimination of all but the first count came too late to remove the impression which this testimony necessarily made on the minds of the jury, and that the instruction to the jury to disregard the second, third and fourth counts did not remove the injury that had been done him. Where testimony is introduced in support of a count that should have been stricken on motion to quash, and such testimony is not pertinent to the count which the court charged the jury was the only one they could consider, there would be some force in the contention of the plaintiff in error, but it does not appear that there was any testimony introduced that was applicable only to the three counts that were stricken, or which was not pertinent to the first count. We, therefore, find no reversible error in the ruling of the court on the motion to quash the information.

Two confessions by the plaintiff in error at different times and places were admitted in evidence over his objection, and this is assigned as error. The first alleged confession occurred in the office at the jail after the defendant's arrest, and was made in the presence of Charles Pratt, R. H. Starling, J. W. Bishop and others. Charles Pratt, the officer who arrested him, was the first witness called to testify to the confession, and before his testimony was allowed to go to the jury he was examined by the State and cross-examined by the defendant in the

absence of the jury, and it was established that no inducements were offered or threats made against him to influence him to make the confession, and he was warned that anything that he said might be used against him.

At the conclusion of the examination, the jury was recalled and the defendant made objection to the introduction of any testimony concerning the confession. The objection was overruled and the testimony went to the jury.

J. W. Bishop testified to the same confession, and his testimony went to the jury without his having first been examined in the absence of the jury, and this is assigned as error. The confession testified to by this witness was the same as that testified to by Charles Pratt, and was made at the same time and place. Pratt had been thoroughly examined in the absence of the jury, and it was established by his examination that the evidence of the confession was admissible. There was, therefore, no necessity to examine this or other witnesses to the confession made at the same time and place, out of the presence of the jury, in the absence of any request by the defendant for such examination. There was no error in admitting this testimony.

On the day after this confession the prisoner was taken before H. W. Penney, Justice of the Peace, for preliminary examination. The prosecuting witness, T. J. Condon, was examined in the absence of the jury regarding a statement made to him while in the office of the Justice of the Peace at the time of the preliminary examination. He testified that Edington voluntarily made the statement just after the judge had placed him under a $5,000.00 bond. He stated that he did not know whether any one had warned Edington that anything he might

say might be used against him. When the jury returned to the room and Condon was asked about the statements made by Edington, the defense interposed objections to the introduction of any testimony by the State's witness, P. J. Condon, in regard to any confession, statement or admission purported to have been made by the defendant, on the ground that it had not been shown by the State that the defendant had been warned of his legal rights before making the statement; and because the State did not show that the defendant was not laboring under a promise of benefit or reward; and because such statement if made was an extra-judicial confession, and because the defendant was under duress and in the custody of the law. The objection was overruled and the witness then testified: "He approached me; took about three or four steps from where I was sitting; I turned around from where I was signing my name to pay roll, and he said, 'I am very sorry for what has happened, and I would not do it again if I had a chance, and the money that I have you can have and I have some property that I have a lien on and I will give it to you as soon as I can.' I told him it was out of my hands and that I could not do anything, and he stopped then."

Errors are assigned on the rulings of the court admitting this testimony. It was established at an examination held in the absence of the jury that no threats were made or inducements offered the witness to make this statement. It was not shown, however, that the witness was warned that any statement he made might be used against him.

The statement was not in response to any questions or solicitation, and was made without any indication on the part of the prisoner that he desired to make a state-

ment, and it seems there was no opportunity to warn him before he delivered himself of it.

From all the circumstances surrounding the manner in which this statement was made, the testimony was admissible and the court made no error in so ruling.

The Justice of the Peace, H. W. Penney, upon being examined in the absence of the jury, also testified to these admissions which were made by the prisoner while in his office, after he had entered his plea and while the justice was making out the bonds and pay-rolls. He testified that no threats or promises were made and no inducements offered the prisoner to make the admissions.

Objections to the introduction of testimony by the Justice of the Peace about the alleged confessions were overruled, and this is assigned as error. An assignment is also based on this statement by the judge in ruling on the objections, "Well, from the examination of the witness, out of the presence of the jury, the court takes the position that this testimony is admissible." The judge did not comment on the materiality or the weight of the testimony, but only on its admissibility and this was necessary on ruling on the objections to its admissibility. We find no error in admitting the testimony of the Justice of the Peace, or in the statement by the court in admitting the testimony.

On preliminary examination the defendant voluntarily entered a plea of "guilty," and the Justice of the Peace who conducted the examination was permitted to testify to that fact over the objection of the defendant. Subsequently the court of its own motion instructed the jury "to entirely disregard the evidence showing defendant's plea of guilty in said cause before the said H. W. Penney.

Justice of the Peace, and all evidence relating to said plea of guilty."

The practice of permitting testimony of such damaging character to go to the jury over the objection of the defendant, and subsequently telling the jury "to disregard it," is not to be commended, and where it is done, if there is not ample evidence to support a verdict of guilty, it might be ground for reversal.

In this case, however, the competent testimony clearly established the prisoner's guilt and fully supported the verdict.

Other assignments relate to the weight of testimony and the credibility of witnesses. These exceptions are not well taken, as the testimony is not only sufficient to sustain the verdict, but we cannot see how the jury could have rendered any other. Hopkins v. State, 52 Fla. 39.

Assignments of error based upon the denial of the trial judge to give certain instructions requested by the defendant will not be discussed, because the record does not contain the entire general charge of the court.

We have disposed of the assignments of error that raise any serious questions. There are thirty-two assignments in all; some of which are inconsequential and trivial and need no discussion by this court.

We have, however, carefully considered them all and find no reversible errors.

The judgment is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.